# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEFENDERS OF WILDLIFE,** ) | |
| 1130 Seventeenth St., N.W. ) | Civil Action No.08-01107 (PLF) |
| Washington, D.C.  20036, ) | (ECF) |
| ) | |
| **THE HUMANE SOCIETY OF THE** ) | |
| **UNITED STATES** ) | |
| 2100 L Street, N.W. ) | |
| Washington, D.C.  20037, ) | |
| ) | |
| **OCEAN CONSERVANCY** ) | |
| 1300 19th Street, N.W., 8th Floor ) | |
| Washington, D.C.  20036, and ) | |
| ) | |
| **REGINA ASMUTIS-SILVIA** ) | |
| 3 Jacqueline Lane ) | |
| Plymouth, MA 02360 ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **CARLOS GUTIERREZ** ) | |
| **Secretary, Department of Commerce** ) | |
| 14th Street and Constitution Ave., N.W. ) | |
| Washington, D.C.  20230, and ) | |
| ) | |
| **JAMES BALSIGER,** ) | |
| **Acting Assistant Administrator for Fisheries** ) | |
| **National Marine Fisheries Service** ) | |
| 1335 East-West Highway ) | |
| Silver Spring, MD 20910, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## DEFENDANTS' MOTION FOR LEAVE
## TO FILE ANSWER OUT OF TIME

Defendants Carlos Gutierrez, Secretary of the Department of Commerce, and James

Balsiger, Acting Assistant Secretary for the National Marine Fisheries Service, respectfully

request leave of Court to file their Answer to Plaintiffs' Complaint for Declaratory and

Injunctive Relief ("Complaint") out of time. A copy of Defendants' Answer is attached. As demonstrated below, good cause exists to grant Defendants' Motion.

1.      Plaintiffs filed their Complaint on June 26, 2008. On August 25, 2008, Plaintiffs filed an Affidavit of Service (Dkt. #5) attesting that the United States Attorney for the District of Columbia had been served with the Summons and Complaint by hand delivery on June 26, 2008, the same day the Complaint was filed. The United States Attorney General was served by certified mail on July 8, 2008, twelve days later. Defendant Gutierrez was served by certified mail on July 7, 2008, and Defendant Balsinger was served by certified mail on July 9, 2008. See Affidavit of Service (Dkt. #5).

2.      Because the U.S. Attorney for the District of Columbia was served by hand delivery on June 26, 2008 according to the Affidavit of Service, Defendants' Answer to the Complaint was due on August 25, 2008. See Fed. R. Civ. P. 12(a)(2).

3.      Because this case involves alleged violations of the Endangered Species Act and the Marine Mammal Protection Act, the appropriate office within the United States Department of Justice responsible for handling the case is the Wildlife & Marine Resources Section of the Environment & Natural Resources Division. Due to inadvertence, this matter was not assigned to the undersigned trial attorney within the Wildlife & Marine Resources Section until August 26, 2008, the day after Defendants' Answer was due.

4.      The undersigned began working with Defendants to prepare their Answer immediately after being assigned to the case. The Answer has been completed and a copy is attached. Defendants now respectfully request leave of Court to file the Answer out of time.

5.      Plaintiffs will not be prejudiced if this Motion is granted because the Motion and Answer are being filed only four days after the August 25 due date. Nor will the four-day delay

in filing the Answer unduly prolong resolution of this lawsuit.  Finally, the minor delay is not the product of bad faith.  Accordingly, good cause exists for granting this Motion.  See Yesudian v. Howard University, 270 F.3d 969, 971 (D.C. Cir. 2001) (affirming decision to accept late filing based on "the lack of any prejudice to plaintiff and to the general preference for resolving cases on the merits";  the "delay was brief, and there is no suggestion that it had a material effect on the proceedings"; and because there was "no suggestion of bad faith").

6.     On August 28, 2008, the undersigned contacted Plaintiffs' counsel to obtain Plaintiffs' position on this Motion.  Counsel for Plaintiffs requested that the undersigned include the following statement in this Motion:

> Plaintiffs do not oppose defendant's motion so long as the delay in filing an Answer does not delay production of the Administrative Record, and request that the Court direct NMFS to produce the Record on an expedited basis.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Leave to File the Answer Out of Time should be granted.  A proposed Order granting the Motion is attached for the Court's convenience.

Respectfully submitted this 29th day of August, 2008.

                                        RONALD J. TENPAS
                                        Acting Assistant Attorney General
                                        JEAN E. WILLIAMS, Chief
                                        LISA L. RUSSELL, Assistant Chief

                                        */s/ Kevin W. McArdle*
OF COUNSEL:                        KEVIN W. McARDLE, Trial Attorney
                                        DC Bar # 454569
DEBORAH BEN-DAVID           United States Department of Justice
Attorney                                  Environment & Natural Resources Division
U.S. Department of Commerce      Wildlife and Marine Resources Section
National Oceanic and Atmospheric  Benjamin Franklin Station, P.O. Box 7369
Administration                        Washington, D.C. 20044-7369
                                        Telephone: (202) 305-0219
                                        Facsimile: (202) 305-0275
                                        Email: kevin.mcardle@usdoj.gov

                                        Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEFENDERS OF WILDLIFE,<br>1130 Seventeenth St., N.W.<br>Washington, D.C.  20036,<br><br>THE HUMANE SOCIETY OF THE<br>UNITED STATES<br>2100 L Street, N.W.<br>Washington, D.C.  20037,<br><br>OCEAN CONSERVANCY<br>1300 19th Street, N.W., 8th Floor<br>Washington, D.C.  20036, and<br><br>REGINA ASMUTIS-SILVIA<br>3 Jacqueline Lane<br>Plymouth, MA 02360<br><br>            Plaintiffs,<br><br>            v.<br><br>CARLOS GUTIERREZ<br>Secretary, Department of Commerce<br>14th Street and Constitution Ave., N.W.<br>Washington, D.C.  20230, and<br><br>JAMES BALSIGER,<br>Acting Assistant Administrator for Fisheries<br>National Marine Fisheries Service<br>1335 East-West Highway<br>Silver Spring, MD 20910,<br><br>            Defendants. | Civil Action No.08-01107 (PLF)<br>(ECF) |

## DEFENDANTS' ANSWER

For their Answer to the Complaint for Declaratory and Injunctive Relief, Defendants admit, deny, and allege as follows:

1.      The allegations contained in the first sentence of paragraph 1 constitute conclusions of law and Plaintiffs' characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Deny the allegations contained in the second sentence of paragraph 1; aver that the National Marine Fisheries Service responded to the Court's Order by stating that it "anticipates that it will not take final action on the proposed rule before June 2007," Declaration of Samuel D. Rauch, III , ¶ 11, <u>Defenders of Wildlife v. Gutierrez</u>, Case No. 1:05-cv-02191 (D.D.C. Nov. 9, 2006) (Dkt. #41-1), and estimated that it would "tak[e] final action on the proposed rule in June 2007."  Defendants' Response to the Court's October 25, 2006 Order at 2, <u>Defenders of Wildlife</u>, No. 05-2191 (D.D.C. Nov. 9, 2006) (Dkt. #41).  Admit the allegation contained in the third sentence of paragraph 1 that "as of this date, no regulations have been issued"; the remainder of the allegations contained in paragraph 1 are too vague and ambiguous to permit a response and on that basis are denied.

2.      The allegations contained in the first sentence of paragraph 2 purport to characterize the content of Plaintiffs' second Rulemaking Petition, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning and context are denied.  Admit the allegation contained in the second sentence of paragraph 2 that "NMFS recently denied this Petition"; deny the remainder of the allegations contained in paragraph 2.

3.      The allegations contained in paragraph 3 constitute conclusions of law and Plaintiffs' characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 constitute conclusions of law and Plaintiffs' characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. Deny the allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. Deny the allegations contained in the first sentence of paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth. The remainder of the allegations contained in paragraph 6 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. Deny the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8. Deny the allegations contained in the first sentence of paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth. The remainder of the allegations contained in paragraph 8 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9. Deny the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10. Deny the allegations contained in the first sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth. The remainder of the allegations contained in paragraph 10 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11. Deny the allegations contained in the first three sentences of paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth. The remainder of

the allegations contained in paragraph 11 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

    12.    Admit.

    13.    Admit the allegation contained in paragraph 13 that "Defendant James W. Balsiger is the Acting Assistant Administrator for Fisheries at NMFS"; the remainder of the allegations contained in paragraph 13 are too vague and ambiguous to permit a response and, on that basis, are denied.

    14.    The allegations contained in paragraph 14 purport to characterize the Endangered Species Act ("ESA"), regulations, and Supreme Court decision cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain meaning and context are denied.

    15.    The allegations contained in the first sentence of paragraph 15 purports to characterize the ESA, a statute which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning and context are denied.  Admit the remainder of the allegations contained in paragraph 15.

    16.    The allegations contained in paragraph 16 purport to characterize the ESA and regulations cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain meaning and context are denied.

    17.    The allegations contained in paragraph 17 purport to characterize the ESA, a statute which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning and context are denied.

    18.    The allegations contained in the first sentence of paragraph 18 purport to characterize the Marine Mammal Protection Act ("MMPA"), a statute which speaks for itself

and is the best evidence of its contents; any allegations contrary to its plain meaning and context are denied. The allegations contained in the second sentence of paragraph 18 are too vague and ambiguous to permit a response and, on that basis, are denied.

19. The allegations contained in paragraph 19 purport to characterize the MMPA, a statute which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning and context are denied.

20. The allegations contained in paragraph 20 purport to characterize the MMPA, a statute which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning and context are denied.

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. The allegations contained in the first sentence of paragraph 25 purport to characterize the Stock Assessment cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning and context are denied. The allegations contained in the second sentence of paragraph 25 are too vague and ambiguous to permit a response and, on that basis, are denied. Deny the allegation contained in the third sentence of paragraph 25 that "it takes female right whales nine to ten years to reach reproductive maturity and they give birth to only one calf approximately every four years"; the remainder of the allegations contained in paragraph 25 are too vague and ambiguous to permit a response and, on that basis, are denied.

26.     The allegations contained in paragraph 26 purport to characterize the documents cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain meaning and context are denied.

27.     Admit.

28.     Admit the allegations contained in the first three sentences of paragraph 28. The remainder of the allegations contained in paragraph 28 purport to characterize the document quoted, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning and context are denied.

29.     The allegations contained in the first two sentences of paragraph 29 are too vague and ambiguous to permit a response and, on that basis, are denied. The remainder of the allegations contained in paragraph 29 purport to characterize the studies cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain meaning and context are denied.

30.     The allegations contained in paragraph 30 purport to characterize the report and Federal Register notice cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain meaning and context are denied.

31.     The allegations contained in the first two sentences of paragraph 31 purport to characterize the Federal Register notice cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning and context are denied. Admit the allegations contained in the third sentence of paragraph 31.

32.     The allegations contained in paragraph 32 purport to characterize the Rulemaking Petition cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning and context are denied.

33. The allegations contained in paragraph 33 purport to characterize the Federal Register notice cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning and context are denied.

34. The allegations contained in paragraph 34 constitute Plaintiffs' characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

35. Admit the allegations contained in the first sentence of paragraph 35. The remainder of the allegations contained in paragraph 35 purport to characterize Defendants' legal briefs in <u>Defenders of Wildlife v. Gutierrez</u>, Case No. 1:05-cv-02191 (D.D.C.), which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain meaning and context are denied.

36. The allegations contained in the first and fourth sentences of paragraph 36 purport to characterize the Court orders cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain meaning and context are denied. Deny the allegations contained in the remainder of paragraph 36; aver that the National Marine Fisheries Service responded to the Court's Order by stating that it "anticipates that it will not take final action on the proposed rule before June 2007," Declaration of Samuel D. Rauch, III , ¶ 11, <u>Defenders of Wildlife v. Gutierrez</u>, Case No. 1:05-cv-02191 (D.D.C. Nov. 9, 2006) (Dkt. #41-1), and estimated that it would "tak[e] final action on the proposed rule in June 2007." Defendants' Response to the Court's October 25, 2006 Order at 2, <u>Defenders of Wildlife</u>, No. 05-2191 (D.D.C. Nov. 9, 2006) (Dkt. #41).

37. Deny the allegation contained in the first sentence of paragraph 37 that "the agency had missed the deadline it had provided to this Court by more than six months"; admit

the allegation contained in the first sentence of paragraph 37 that "in January 2008 Plaintiffs submitted a Second Rulemaking Petition"; the remainder of the allegations contained in the first sentence of paragraph 37 purport to characterize the Second Rulemaking Petition cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning and context are denied. Admit the allegations contained in the second sentence of paragraph 37.

38. Deny the allegations contained in the first sentence of paragraph 38. Admit the allegations contained in the second sentence of paragraph 38. Deny the remainder of the allegations contained in paragraph 38 for lack of knowledge or information sufficient to form a belief as to their truth.

39. The allegations contained in paragraph 39 purport to characterize the Second Petition Denial, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning and context are denied.

40. Admit, but aver that on August 25, 2008, the National Oceanic and Atmospheric Administration ("NOAA") issued a press release announcing the completion of the final environmental impact statement ("EIS") for the Ship Strike Reduction Rule, which is one of the final steps in the process to implement a final rule, and stating that NOAA is accepting comments on the final EIS until September 29, 2008. Aver that NOAA stated in its August 25, 2008 press release that it will consider the comments it receives and promulgate a final rule expeditiously.

41. The allegations contained in paragraph 41 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

42. The allegations contained in paragraph 42 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied; Defendants' response to paragraphs 4-11 of the Complaint are incorporated by reference.

43. The allegations contained in paragraph 43 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

44. The allegations contained in paragraph 44 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied; Defendants' response to paragraphs 4-11 of the Complaint are incorporated by reference.

Deny that plaintiffs are entitled to the relief sought in paragraphs (1) through (5) of the Prayer for Relief immediately following paragraph 44, or to any relief whatsoever.

Deny each and every allegation not previously admitted or otherwise qualified.

### AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim for which relief can be granted.

2. Plaintiffs lack standing.

3. Plaintiffs' claims are moot.

4. Plaintiffs' claims are barred by res judicata and collateral estoppel.

WHEREFORE, defendants request that the complaint be dismissed with prejudice and that defendants be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted this 28th day of August, 2008.

                                    RONALD J. TENPAS
                                    Acting Assistant Attorney General
                                    JEAN E. WILLIAMS, Chief
                                    LISA L. RUSSELL, Assistant Chief

                                    */s/ Kevin W. McArdle*
OF COUNSEL:                      KEVIN W. McARDLE, Trial Attorney
                                    DC Bar # 454569
DEBORAH BEN-DAVID         United States Department of Justice
Attorney                                Environment & Natural Resources Division
U.S. Department of Commerce    Wildlife and Marine Resources Section
National Oceanic and Atmospheric  Benjamin Franklin Station, P.O. Box 7369
Administration                       Washington, D.C. 20044-7369
                                    Telephone: (202) 305-0219
                                    Facsimile: (202) 305-0275
                                    Email: kevin.mcardle@usdoj.gov

                                    Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEFENDERS OF WILDLIFE,** ) | |
| 1130 Seventeenth St., N.W. ) | Civil Action No.08-01107 (PLF) |
| Washington, D.C.  20036, ) | (ECF) |
| ) | |
| **THE HUMANE SOCIETY OF THE** ) | |
| **UNITED STATES** ) | |
| 2100 L Street, N.W. ) | |
| Washington, D.C.  20037, ) | |
| ) | |
| **OCEAN CONSERVANCY** ) | |
| 1300 19th Street, N.W., 8th Floor ) | |
| Washington, D.C.  20036, and ) | |
| ) | |
| **REGINA ASMUTIS-SILVIA** ) | |
| 3 Jacqueline Lane ) | |
| Plymouth, MA 02360 ) | |
| ) | |
|         **Plaintiffs,** ) | |
| ) | |
|         v. ) | |
| ) | |
| **CARLOS GUTIERREZ** ) | |
| Secretary, Department of Commerce ) | |
| 14th Street and Constitution Ave., N.W. ) | |
| Washington, D.C.  20230, and ) | |
| ) | |
| **JAMES BALSIGER,** ) | |
| Acting Assistant Administrator for Fisheries ) | |
| National Marine Fisheries Service ) | |
| 1335 East-West Highway ) | |
| Silver Spring, MD 20910, ) | |
| ) | |
|         **Defendants.** ) | |
| ) | |

## **ORDER**

      This matter is before the Court on Defendants' Motion for Leave to File Answer Out of

Time.  For good cause shown, it is hereby ORDERED that Defendants' Motion is GRANTED.

It is further ORDERED that Defendants' Answer attached to the Motion shall be deemed filed as of the date of this Order.

    IT IS SO ORDERED this ___ day of _____, 2008.


                                                   _____
                                                   HON. PAUL L. FRIEDMAN
                                                   UNITED STATES DISTRICT JUDGE