UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DEFENDERS OF WILDLIFE,** | ) | |
| **1130 Seventeenth St., N.W.** | ) | **Civil Action No.08-01107 (PLF)** |
| **Washington, D.C.  20036,** | ) | **(ECF)** |
| | ) | |
| **THE HUMANE SOCIETY OF THE** | ) | |
| **UNITED STATES** | ) | |
| **2100 L Street, N.W.** | ) | |
| **Washington, D.C.  20037,** | ) | |
| | ) | |
| **OCEAN CONSERVANCY** | ) | |
| **1300 19th Street, N.W., 8th Floor** | ) | |
| **Washington, D.C.  20036, and** | ) | |
| | ) | |
| **REGINA ASMUTIS-SILVIA** | ) | |
| **3 Jacqueline Lane** | ) | |
| **Plymouth, MA 02360** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CARLOS GUTIERREZ** | ) | |
| **Secretary, Department of Commerce** | ) | |
| **14th Street and Constitution Ave., N.W.** | ) | |
| **Washington, D.C.  20230, and** | ) | |
| | ) | |
| **JAMES BALSIGER,** | ) | |
| **Acting Assistant Administrator for Fisheries** | ) | |
| **National Marine Fisheries Service** | ) | |
| **1335 East-West Highway** | ) | |
| **Silver Spring, MD 20910,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## DEFENDANTS' ANSWER

For their Answer to the Complaint for Declaratory and Injunctive Relief, Defendants

admit, deny, and allege as follows:

1.      The allegations contained in the first sentence of paragraph 1 constitute

conclusions of law and Plaintiffs' characterization of their case to which no answer is required;

to the extent they may be deemed allegations of fact, they are denied.  Deny the allegations

contained in the second sentence of paragraph 1; aver that the National Marine Fisheries Service

responded to the Court's Order by stating that it "anticipates that it will not take final action on

the proposed rule before June 2007," Declaration of Samuel D. Rauch, III , ¶ 11, Defenders of

Wildlife v. Gutierrez, Case No. 1:05-cv-02191 (D.D.C. Nov. 9, 2006) (Dkt. #41-1), and

estimated that it would "tak[e] final action on the proposed rule in June 2007."  Defendants'

Response to the Court's October 25, 2006 Order at 2, Defenders of Wildlife, No. 05-2191

(D.D.C. Nov. 9, 2006) (Dkt. #41).  Admit the allegation contained in the third sentence of

paragraph 1 that "as of this date, no regulations have been issued"; the remainder of the

allegations contained in paragraph 1 are too vague and ambiguous to permit a response and on

that basis are denied.

2.      The allegations contained in the first sentence of paragraph 2 purport to

characterize the content of Plaintiffs' second Rulemaking Petition, which speaks for itself and is

the best evidence of its contents; any allegations contrary to its plain meaning and context are

denied.  Admit the allegation contained in the second sentence of paragraph 2 that "NMFS

recently denied this Petition"; deny the remainder of the allegations contained in paragraph 2.

3.      The allegations contained in paragraph 3 constitute conclusions of law and

Plaintiffs' characterization of their case to which no answer is required; to the extent they may be

deemed allegations of fact, they are denied.

4.     The allegations contained in paragraph 4 constitute conclusions of law and Plaintiffs' characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5.     Deny the allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6.     Deny the allegations contained in the first sentence of paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.  The remainder of the allegations contained in paragraph 6 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7.     Deny the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8.     Deny the allegations contained in the first sentence of paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.  The remainder of the allegations contained in paragraph 8 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9.     Deny the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10.     Deny the allegations contained in the first sentence of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.  The remainder of the allegations contained in paragraph 10 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

11.     Deny the allegations contained in the first three sentences of paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.  The remainder of

the allegations contained in paragraph 11 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12.     Admit.

13.     Admit the allegation contained in paragraph 13 that "Defendant James W. Balsiger is the Acting Assistant Administrator for Fisheries at NMFS"; the remainder of the allegations contained in paragraph 13 are too vague and ambiguous to permit a response and, on that basis, are denied.

14.     The allegations contained in paragraph 14 purport to characterize the Endangered Species Act ("ESA"), regulations, and Supreme Court decision cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain meaning and context are denied.

15.     The allegations contained in the first sentence of paragraph 15 purports to characterize the ESA, a statute which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning and context are denied.  Admit the remainder of the allegations contained in paragraph 15.

16.     The allegations contained in paragraph 16 purport to characterize the ESA and regulations cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain meaning and context are denied.

17.     The allegations contained in paragraph 17 purport to characterize the ESA, a statute which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning and context are denied.

18.     The allegations contained in the first sentence of paragraph 18 purport to characterize the Marine Mammal Protection Act ("MMPA"), a statute which speaks for itself

-4-

and is the best evidence of its contents; any allegations contrary to its plain meaning and context are denied. The allegations contained in the second sentence of paragraph 18 are too vague and ambiguous to permit a response and, on that basis, are denied.

19.    The allegations contained in paragraph 19 purport to characterize the MMPA, a statute which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning and context are denied.

20.    The allegations contained in paragraph 20 purport to characterize the MMPA, a statute which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning and context are denied.

21.    Admit.

22.    Admit.

23.    Admit.

24.    Admit.

25.    The allegations contained in the first sentence of paragraph 25 purport to characterize the Stock Assessment cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning and context are denied. The allegations contained in the second sentence of paragraph 25 are too vague and ambiguous to permit a response and, on that basis, are denied. Deny the allegation contained in the third sentence of paragraph 25 that "it takes female right whales nine to ten years to reach reproductive maturity and they give birth to only one calf approximately every four years"; the remainder of the allegations contained in paragraph 25 are too vague and ambiguous to permit a response and, on that basis, are denied.

26.     The allegations contained in paragraph 26 purport to characterize the documents cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain meaning and context are denied.

27.     Admit.

28.     Admit the allegations contained in the first three sentences of paragraph 28. The remainder of the allegations contained in paragraph 28 purport to characterize the document quoted, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning and context are denied.

29.     The allegations contained in the first two sentences of paragraph 29 are too vague and ambiguous to permit a response and, on that basis, are denied. The remainder of the allegations contained in paragraph 29 purport to characterize the studies cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain meaning and context are denied.

30.     The allegations contained in paragraph 30 purport to characterize the report and Federal Register notice cited, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain meaning and context are denied.

31.     The allegations contained in the first two sentences of paragraph 31 purport to characterize the Federal Register notice cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning and context are denied. Admit the allegations contained in the third sentence of paragraph 31.

32.     The allegations contained in paragraph 32 purport to characterize the Rulemaking Petition cited, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain meaning and context are denied.

33.    The allegations contained in paragraph 33 purport to characterize the Federal

Register notice cited, which speaks for itself and is the best evidence of its contents; any

allegations contrary to its plain meaning and context are denied.

34.    The allegations contained in paragraph 34 constitute Plaintiffs' characterization of

their case to which no answer is required; to the extent they may be deemed allegations of fact,

they are denied.

35.    Admit the allegations contained in the first sentence of paragraph 35. The

remainder of the allegations contained in paragraph 35 purport to characterize Defendants' legal

briefs in Defenders of Wildlife v. Gutierrez, Case No. 1:05-cv-02191 (D.D.C.), which speak for

themselves and are the best evidence of their contents; any allegations contrary to their plain

meaning and context are denied.

36.    The allegations contained in the first and fourth sentences of paragraph 36 purport

to characterize the Court orders cited, which speak for themselves and are the best evidence of

their contents; any allegations contrary to their plain meaning and context are denied. Deny the

allegations contained in the remainder of paragraph 36; aver that the National Marine Fisheries

Service responded to the Court's Order by stating that it "anticipates that it will not take final

action on the proposed rule before June 2007," Declaration of Samuel D. Rauch, III , ¶ 11,

Defenders of Wildlife v. Gutierrez, Case No. 1:05-cv-02191 (D.D.C. Nov. 9, 2006) (Dkt. #41-1),

and estimated that it would "tak[e] final action on the proposed rule in June 2007." Defendants'

Response to the Court's October 25, 2006 Order at 2, Defenders of Wildlife, No. 05-2191

(D.D.C. Nov. 9, 2006) (Dkt. #41).

37.    Deny the allegation contained in the first sentence of paragraph 37 that "the

agency had missed the deadline it had provided to this Court by more than six months"; admit

the allegation contained in the first sentence of paragraph 37 that "in January 2008 Plaintiffs

submitted a Second Rulemaking Petition"; the remainder of the allegations contained in the first

sentence of paragraph 37 purport to characterize the Second Rulemaking Petition cited, which

speaks for itself and is the best evidence of its contents; any allegations contrary to its plain

meaning and context are denied.  Admit the allegations contained in the second sentence of

paragraph 37.

      38.     Deny the allegations contained in the first sentence of paragraph 38.  Admit the

allegations contained in the second sentence of paragraph 38.  Deny the remainder of the

allegations contained in paragraph 38 for lack of knowledge or information sufficient to form a

belief as to their truth.

      39.     The allegations contained in paragraph 39 purport to characterize the Second

Petition Denial, which speaks for itself and is the best evidence of its contents; any allegations

contrary to its plain meaning and context are denied.

      40.     Admit, but aver that on August 25, 2008, the National Oceanic and Atmospheric

Administration ("NOAA") issued a press release announcing the completion of the final

environmental impact statement ("EIS") for the Ship Strike Reduction Rule, which is one of the

final steps in the process to implement a final rule, and stating that NOAA is accepting

comments on the final EIS until September 29, 2008.  Aver that NOAA stated in its August 25,

2008 press release that it will consider the comments it receives and promulgate a final rule

expeditiously.

      41.     The allegations contained in paragraph 41 constitute conclusions of law to which

no answer is required; to the extent they may be deemed allegations of fact, they are denied.

42.    The allegations contained in paragraph 42 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied; Defendants' response to paragraphs 4-11 of the Complaint are incorporated by reference.

43.    The allegations contained in paragraph 43 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

44.    The allegations contained in paragraph 44 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied; Defendants' response to paragraphs 4-11 of the Complaint are incorporated by reference.

Deny that plaintiffs are entitled to the relief sought in paragraphs (1) through (5) of the Prayer for Relief immediately following paragraph 44, or to any relief whatsoever.

Deny each and every allegation not previously admitted or otherwise qualified.

<u>AFFIRMATIVE DEFENSES</u>

1.    Plaintiffs have failed to state a claim for which relief can be granted.

2.    Plaintiffs lack standing.

3.    Plaintiffs' claims are moot.

4.    Plaintiffs' claims are barred by res judicata and collateral estoppel.

WHEREFORE, defendants request that the complaint be dismissed with prejudice and that defendants be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted this 28th day of August, 2008.

RONALD J. TENPAS
Acting Assistant Attorney General
JEAN E. WILLIAMS, Chief
LISA L. RUSSELL, Assistant Chief


    */s/ Kevin W. McArdle*

OF COUNSEL:                                KEVIN W. McARDLE, Trial Attorney
                                           DC Bar # 454569
DEBORAH BEN-DAVID                          United States Department of Justice
Attorney                                   Environment & Natural Resources Division
U.S. Department of Commerce                Wildlife and Marine Resources Section
National Oceanic and Atmospheric           Benjamin Franklin Station, P.O. Box 7369
Administration                             Washington, D.C. 20044-7369
                                           Telephone: (202) 305-0219
                                           Facsimile: (202) 305-0275
                                           Email: kevin.mcardle@usdoj.gov

                                           Attorneys for Federal Defendants